# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 19 C 480 |
| v. | )<br>) Judge Ronald A. Guzmán |
| AVCOA, INC. and JOSHUA MOYER, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion for summary judgment, which is granted for the reasons explained below.

## BACKGROUND

Plaintiff, AMCO Insurance Company ("AMCO"), filed this action in diversity seeking a declaratory judgment that it has no duty to defend or indemnify defendant Avcoa, Inc. ("Avcoa") in connection with a putative class-action lawsuit by defendant Joshua Moyer that is pending in the Circuit Court of Cook County, Illinois (*Moyer v. Avcoa, Inc.*, No. 2018-CH-14539). An entry of default has been entered against Avcoa. AMCO moves for summary judgment against both defendants, neither of whom responded to the motion.

## MATERIAL FACTS

Because defendants did not file a response to plaintiff's Local Rule 56.1 statement of material facts, the facts set forth by plaintiff, which are supported by the record, are deemed admitted. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). AMCO issued to Avcoa commercial general liability policies for the February 1, 2013 to February 1, 2014 policy period and for the February 1, 2014 to February 1, 2015 policy period (collectively, the "CGL

Policies"). The CGL Policies contain the following relevant provisions:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .
   . . .

2. **Exclusions**

   This insurance does not apply to:
   . . .
   h. **Wrong Description of Prices**

      "Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

(ECF Nos. 1-1 & 1-2, CGL Policies at 1, 6.) The CGL Policies define the above-quoted terms as

follows:

"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.
. . .
"Bodily injury" means bodily injury, sickness or disease sustained by a person,

2

including death resulting from any of these at any time.

. . .

"Personal and advertising injury" means injury . . . arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;
**b.** Malicious prosecution;
**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
**f.** The use of another's advertising idea in your "advertisement"; or
**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

. . .

"Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence"[1] that caused it.

. . .

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. . . .

(*Id.* at 12-15.)

AMCO also issued to Avcoa commercial umbrella insurance policies for the February 1, 2013 to February 1, 2014 policy period and for the February 1, 2014 to February 1, 2015 policy period (collectively, the "Umbrella Policies"). The Umbrella Policies contain the following relevant provisions:

---

[1]"Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 14.)

**COVERAGE A - Excess Follow Form Liability Insurance**

1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:
   **a.** any contrary provision contained in this policy; or
   **b.** any provision in this policy for which a similar provision is not contained in "underlying insurance".

. . .

4. Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss". . . .

**COVERAGE B - Umbrella Liability Insurance**

1. Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". . . .

**DEFENSE AND SUPPLEMENTARY PAYMENTS**

**Applicable to Coverage A and Coverage B**

**A.** We have the right and the duty to assume control of the investigation, settlement or defense of any claim or "suit" against the "insured" for damages covered by this policy:
   1. under Coverage A, when the applicable limit of "underlying insurance" has been exhausted by payment of claims; or
   2. under Coverage B, when damages are sought for "bodily injury", "property damage", or "personal and advertising injury" to which no "underlying insurance" or "other insurance" applies.

(ECF Nos. 1-3 & 1-4, Umbrella Policies at 2-3.) The CGL Policies are listed on the Umbrella Policies' "Schedule of Underlying Insurance." The Umbrella Policies' definitions of "advertisement," "bodily injury," "personal and advertising injury," "property damages, and "suit" are not materially different from the CGL Policies' definitions of those terms. In Coverage B, the

Umbrella Policies contain "Wrong Description of Prices" exclusions that are not materially different from the same exclusion in the CGL Policies.

In defendant Moyer's putative class-action suit against Avcoa, Moyer brings three claims: breach of contract (Count I); unjust enrichment (Count II); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count III). (ECF No. 1-5, Class Action Compl.) He alleges that Avcoa owns and/or operates vending machines, some of which allow customers to make purchases with credit cards or debit cards. He further alleges that Avcoa wrongfully adds a "hidden" additional charge of ten cents per item to purchases made with cards.

AMCO seeks a declaratory judgment that it has no duty to defend or indemnify Avcoa under the CGL or Umbrella Policies.

## DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661 (7th Cir. 2016). The Court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmovant. *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014).

Under Illinois law, a determination of rights and obligations under an insurance policy are questions of law for the court and appropriate subjects for disposition by way of summary judgment. *Hurst-Rosche Eng'rs, Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995) (citing *Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993)). An insurer's duty to defend, which arises from the undertaking to defend as stated in the contract of

insurance, is broader than its duty to indemnify. *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 688 (7th Cir. 2008) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1992)); *James River Ins. Co. v. Keyes2Safety, Inc.*, No. 11 C 901, 2012 WL 3023334, at *2 (N.D. Ill. July 24, 2012) (citing *Zurich Ins. Co. v. Raymark Indus.*, 514 N.E.2d 150, 161 (Ill. 1987)). An insurer has an obligation to defend its insured in an underlying lawsuit if the allegations of the underlying lawsuit are potentially within the coverage of the insurance policy, even if the allegations are groundless, false or fraudulent. *BASF AG v. Great Am. Assurance Co.*, 522 F.3d 813, 819 (7th Cir. 2008). "[A]n insurer may justifiably refuse to defend only where it is apparent from such a comparison that the allegations fail to state any claim within, or potentially within, the scope of policy coverage." *Int'l Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.*, 522 N.E.2d 758, 762 (Ill. App. Ct. 1988) (emphasis omitted). Thus, the extent of an insurer's duty to defend is determined by the language of the policy. *Lifschultz Fast Freight, Inc. v. Transcon. Freight Sys., Inc.*, No. 91 C 688, 1993 WL 787511, at *4 (N.D. Ill. Aug. 24, 1993). The Court must therefore compare the allegations of Moyer's complaint to the language of the CGL and Umbrella Policies in order to determine whether AMCO has a duty to defend or indemnify Avcoa.

The policies AMCO issued to Avcoa cover "bodily injury," "property damage," and "personal and advertising injury." Moyer's lawsuit alleges only financial loss and is based entirely upon Avcoa's alleged practice of charging its vending-machine customers hidden fees when they pay with a credit card or debit card. Moyer's complaint contains no allegations whatsoever of bodily injury, sickness or disease; physical injury to or loss of use of tangible property; or any of the categories of injuries the policies list as "personal and advertising injury." The only "advertising injur[ies]" covered by the policies are the offenses of using another's advertising idea or infringing upon, broadly speaking, intellectual property. The allegations of Moyer's complaint do not state any

6

claim within, or potentially within, the scope of the policies' coverage. And, even if the underlying suit potentially implicated "personal and advertising injury" coverage, the "Wrong Description Of Prices" exclusion would apply, which excludes coverage for "personal and advertising injury" arising out of the wrong description of the price of goods stated in an advertisement.

Because Moyer's underlying lawsuit does not contain allegations that potentially trigger AMCO's duty to defend or indemnify, or, alternatively, contains allegations that fall squarely within an exclusion from the policies, the Court will enter a declaratory judgment that AMCO does not have the duty to defend or indemnify Avcoa in the underlying lawsuit.

## CONCLUSION

Plaintiff's motion for summary judgment [37] is granted. Judgment will be entered in favor of plaintiff, AMCO Insurance Company, and against defendants, Avcoa, Inc. and Joshua Moyer. Plaintiff is directed to submit a proposed judgment order to the Court's proposed-order email box within seven days of the date of entry of this memorandum opinion and order.


**DATE**: September 4, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**